FILED

APR - 3 2003

MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

DOCKETED

APR 2 4 2003

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | **JUDGE LEFKOW** |
| | ) | No. 02 CR 730 |
| v. | ) | Violations: Title 21, United |
| | ) | States Code, Sections |
| MARTIN MARTINEZ, | ) | 841 and 846, and Title 18, |
| ANTON BATES, aka "TWON", | ) | United States Code, Section |
| SAMUEL BILLINGSLEA, and | ) | 924(c)(1) |
| ED SMITH | ) | |

**MAGISTRATE JUDGE SIDNEY I. SCHENKIER**

COUNT ONE

The SPECIAL NOVEMBER 2002 GRAND JURY charges:

1.  Beginning at least as early as Summer 1999, and
continuing until on or about July 26, 2002, at Chicago, in the
Northern District of Illinois, Eastern Division, and elsewhere,

MARTIN MARTINEZ,
ANTON BATES, aka "TWON",
SAMUEL BILLINGLEA, and
ED SMITH,

defendants herein, conspired and agreed with each other and with
others known and unknown to the Grand Jury knowingly and
intentionally to distribute and to possess with intent to
distribute a controlled substance, namely, in excess of 500 grams
of mixtures containing cocaine, a Schedule II Narcotic Drug
Controlled Substance, and in excess of 100 kilograms of mixtures
containing marijuana, a Schedule I Narcotic Drug Controlled
Substance, in violation of Title 21, United States Code, Section
841(a)(1).

2.  It was part of the conspiracy that defendant MARTIN
MARTINEZ regularly supplied wholesale quantities of cocaine and

19

marijuana to defendant ED SMITH at locations in Chicago, Illinois.

3.  It was further part of the conspiracy that defendant ED SMITH distributed cocaine and marijuana he received from MARTIN MARTINEZ to defendants ANTON BATES and SAMUEL BILLINGSLEA.

4.  It was further part of the conspiracy that defendant MARTIN MARTINEZ stored wholesale quantities of cocaine and marijuana at locations in Chicago, Illinois.

5.  It was further part of the conspiracy that defendants MARTIN MARTINEZ, ANTON BATES, SAMUEL BILLINGSLEA, and ED SMITH typically communicated by telephone, using coded language to discuss the terms of their drug transactions and to confirm the locations at which these transactions were to occur.

6.  It was further part of the conspiracy that defendants misrepresented, concealed, and hid, and caused to be misrepresented, concealed, and hidden, the purpose of and the acts done in furtherance of the conspiracy.

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about April 4, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

### MARTIN MARTINEZ,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, in excess of 500 grams of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT THREE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about April 4, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

SAMUEL BILLINGSLEA and
ED SMITH,

defendants herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, in excess of 500 grams of mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

-4-

## COUNT FOUR

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about April 18, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

MARTIN MARTINEZ,

defendant herein, knowingly and intentionally distributed a controlled substance, namely, mixtures containing marijuana, a Schedule I Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT FIVE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about April 18, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

ANTON BATES and
ED SMITH,

defendants herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, mixtures containing marijuana, a Schedule I Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

-6-

## COUNT SIX

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about April 29, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

ANTON BATES,

defendant herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, mixtures containing marijuana, a Schedule I Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT SEVEN

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about July 26, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

MARTIN MARTINEZ,

defendant herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, mixtures containing marijuana, a Schedule I Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT EIGHT

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about July 26, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

### MARTIN MARTINEZ,

defendant herein, knowingly and intentionally possessed with intent to distribute a controlled substance, namely, mixtures containing cocaine, a Schedule II Narcotic Drug Controlled Substance;

In violation of Title 21, United States Code, Section 841(a)(1).

## COUNT NINE

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

On or about July 26, 2002, at Chicago, in the Northern District of Illinois, Eastern Division,

### MARTIN MARTINEZ,

defendant herein, possessed a firearm, namely, a Colt .45 caliber semi-automatic handgun, serial number 450853, in furtherance of a drug trafficking crime, namely, possession with intent to distribute cocaine and marijuana, in violation of Title 21, United States Code, Section 841(a)(1), as more fully described in Counts Seven and Eight of this indictment, which crimes may be prosecuted in a court of the United States;

In violation of Title 18, United States Code, Section 924(c)(1).

## FORFEITURE ALLEGATIONS

The SPECIAL NOVEMBER 2002 GRAND JURY further charges:

1.   The allegations of this Indictment are realleged and fully incorporated herein for the purpose of alleging forfeiture to the United States, pursuant to the provisions of Title 21, United States Code, Section 853.

2.   As a result of the offenses alleged in this Indictment,

MARTIN MARTINEZ,
ANTON BATES, aka "TWON",
SAMUEL BILLINGLEA, and
ED SMITH

defendants herein, have subjected to forfeiture to the United States, pursuant to Title 21, United States Code, Section 853(a)(1) and (2), the following property and interests:

i.      All property constituting or derived from the proceeds the defendant obtained, directly or indirectly, as a result of his violations of Title 21, United States Code, Section 841(c)(2), as charged in this indictment.

ii.     All property used or intended to be used in any manner or part to commit or facilitate the commission of the defendant's violations of Title 21, United States Code, Section 841(c)(2), as charged in this indictment.

3.   The interests of the defendants subject to forfeiture to

-11-

the United States, pursuant to Title 21, United States Code, Section 853, include, but are not limited to,

1.   $2,000,000

2.   the following real property

     i.   6542 S. Komensky, Chicago, Illinois

3.   The items seized from the property located at 121 N. Austin, Chicago, Illinois, on April 29, 2002: $9239 United States Currency.

4.   The items seized from the property located at 6542 S. Komensky on July 26, 2002:  a Colt .45 caliber semi-automatic handgun, serial number 450853.

    4.   If any of the property and funds subject to forfeiture pursuant to Title 21, United States Code, Section 853(a), as a result of any act or omission of the defendants:

a.   Cannot be located upon the exercise of due diligence;

b.   Has been transferred or sold to, or deposited with, a third person;

c.   Has been placed beyond the jurisdiction of the Court;

d.   Has been substantially diminished in value; or

e.   Has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States to seek forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p).

All pursuant to Title 21, United States Code, Section 853.

A TRUE BILL:

_____
F O R E P E R S O N

_____
UNITED STATES ATTORNEY

-13-

NO. 02 CR 730

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA

vs.

MARTIN MARTINEZ, et. al.

INDICTMENT

Violations: Title 18 United States
Code, Section 924(c) and
Title 21 United States Code,
Sections 841(a)(1) and 846

A true bill,

_____
Foreman

Filed in open court this ___ day of _____ A.D. 20___

KATIE FRANC
MICHAEL W. DOBBINS
Clerk

Bail. $ _____

PO 886.320