**FILED**
DEC - 8 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) **DOCKETED** |
| | ) DEC 0 9 2004 |
| vs. | ) No.: 02 CR 730 |
| | ) Judge Joan Humphrey Lefkow |
| MARTIN MARTINEZ, | ) |
| Defendant. | ) |

## NOTICE OF FILING

To:  Andrew C. Porter                     Latrice Mosley-Smith
     Assistant United States Attorney     United States Probation Officer
     219 S. Dearborn/5th Floor            55 East Monroe-Suite 1500
     Chicago, IL 60604                    Chicago, IL 60603

**PLEASE TAKE NOTICE** that we have this 8th day of December 2004, filed with the Clerk of the United States District Court, Northern District of Illinois, Eastern Division, certain Defendant's Sentencing Position Paper; in accordance with the Rules and Provisions of the United States District Court.

By: _Serpico, Novelle, Petrosino & Rascia, LTD._
SERPICO, NOVELLE, PETROSINO & RASCIA, LTD.
Attorney for the Defendant

## VERIFICATION

WALLY TANGWALL, deposes and says that he served a copy of the above and foregoing notice, together with a copy of the same; upon the above-named attorney hand delivered on this 8th day of December, 2004.

_Wallace Tangwall_
WALLY TANGWALL

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
51 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

89

FILED
DEC - 8 2004
DOCKETED
DEC 0 9 2004
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) No.: 02 CR 730 |
| | ) Judge Joan Humphrey Lefkow |
| MARTIN MARTINEZ, | ) |
| | ) |
| Defendant. | ) |

### DEFENDANT'S SENTENCING POSITION PAPER

Defendant **MARTIN MARTINEZ**, by and through his attorney, **ROBERT L. RASCIA**, submits the following sentencing position paper.

In support thereof the Defendant states as follows:

I.  **Charges/Guilty Plea.**

The defendant was charged by indictment with various drug trafficking and possession offenses relating to cocaine and marijuana. Count One of the indictment charged the defendant, along with Anton Bates, Samuel Billingslea and Ed Smith with conspiracy to distribute and possess with the intent to distribute cocaine and marijuana. The conspiracy began in the summer of 1999 and continued to on or about July 26, 2002.

Count One further charged that Martinez supplied wholesale quantities of cocaine and marijuana to Smith, who distributed the drugs to Bates and Billingslea. The indictment alleges that they conspired to distribute in excess of 500 grams of cocaine and in excess of 100 kilograms of marijuana.

SERPICO, NOVELLE,
ETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
51 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

Count Two of the indictment charges that on April 4, 2002, the defendant distributed in excess of 500 grams of cocaine.

Count Four of the Indictment charges the defendant with distributing an unspecified amount of marijuana on April 18, 2002. Count Seven charges the defendant with possessing with the intent to distribute an unspecified amount of marijuana. Count Eight charges the defendant with possessing with intent to distribute an unspecified amount of cocaine on July 26, 2002. Count Nine charges the defendant with possessing a firearm in furtherance of the drug trafficking offenses charged in Counts Seven and Eight.

The penal statutory penalties for the offenses the defendant plead guilty to are as follows:

Count One: five years to forty years imprisonment;

Count Two: five years to forty years imprisonment;

Count Four: up to five years imprisonment;

Count Seven: up to five years imprisonment;

Count Eight: up to twenty years imprisonment;

Count Nine: five years to life imprisonment.

The defendant entered a plea of guilty to Counts 1, 2, 4, 7, 8 and 9 on January 26, 2004, without a written plea agreement. The report of proceedings from the January 26, 2004, change of plea hearing is attached. The government acknowledged at the change of plea hearing that the mandatory minimum sentence of five years applied to Counts One and Two. (TR. Pg. 10)

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

The following exchange occurred at the change of plea hearing:

The Court: All right. You say that you are guilty so I want you to tell me what you did that makes you believe that you are guilty, you tell me what you did.

The Defendant: I agreed with Edward Smith. And we were going to come to an agreement and I told my lawyer that I was going to plead guilty, and I plead guilty.
The Defendant: Yes, I did, I sold these drugs to Edward Smith.

The Court: You sold drugs to Edward Smith?

The Defendant: Yes.

The Court: All right. What in summary would be the government's evidence?

Oh, I'm sorry.

The Defendant: The day of the arrest they found a gun in my house.

The Court: Okay anything further?

The Defendant: No.

Mr. Porter: Your Honor, as to Count 1, the evidence would be that beginning some time in 1999 and continuing until approximately July of 2002, the defendant distributed large quantities of cocaine and marijuana to co-defendant Ed Smith and others on a weekly basis at a location in Chicago, Illinois.

Frequently defendant would meet with Ed Smith and others that Ed Smith brought to the deal at the defendant's residence at 6542 South Komensky, Chicago, Illinois, in order to supply them with drugs.

On several occasions the defendant would supply drugs to co-defendant Ed Smith without requiring Smith to pay for all of the drugs immediately.

The drugs that Mr. Smith was provided by the defendant oftentimes ranged-oftentimes were as much as a kilo quantity. So we're talking about distribution levels of cocaine.

The defendant possessed a gun at his residence in Chicago during his involvement in the drug conspiracy that I just described.

SERPICO, NOVELLE,
ETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

3

> That evidence would be introduced through the testimony of co-defendants, through the Introduction of Title III intercepted phone conversations involving Mr. Martinez, through the testimony of law enforcement officers who conducted surveillance of the defendant and others as they engaged in their drug conspiracy.
>
> That would be evidence as to Count One.
>
> And I'm happy-
>
> The Court: Do you agree with what Mr. Porter has said that you did?
>
> The Defendant: yes.

The government also provided a factual basis and summary of the evidence for Counts Two, Four, Seven and Eight. The only specific drug amount mentioned was a one kilogram seizure on April 4, 2002, mentioned in the factual basis for Count Two. (TR. Pg. 23) The defendant did not admit to any other specific drug quantities.

## II. Guideline Sentence Determination.

The defendant has entered a guilty plea to various drug offenses that as two counts (one & two) carry a mandatory minimum sentence of imprisonment of five years. The indictment does not specify the drug quantities involved, merely the threshold amount for application of the mandatory minimum sentence. (500 grams of cocaine and 100 kilograms of marijuana).

The defendant in reliance upon United States v. Booker, 375 F. 2d 508 (7th Cir. 2004), United States v. Messino, 382 F. 3d 704 (7th Cir. 2004) and Blakely v. Washington, 124 S. Ct. 2531 (2004), asserts that as he has only admitted drug quantities of 1 kilogram of cocaine and 100 kilograms of marijuana at his change of plea hearing, and additional drug quantity to be used for sentencing purposes must be decided by a jury, because they have not been admitted by the defendant.

SERPICO, NOVELLE, ETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

4

The government's version of the offense claims the defendant should be held accountable for between 15 and 50 kilograms of cocaine, and 1000 and 3000 kilograms of marijuana. The defendant asserts here that as these amounts are not specifically plead in the indictment, and are not stated during the summary of evidence at the change of plea hearing, they must now be proved beyond a reasonable doubt to be applied for sentencing purposes.

The preponderance of the evidence standard no longer is applicable to this sentencing determination. The government's version of the drug quantity was not plead in the indictment, nor presented in it's summary of evidence at the change of plea hearing. In reliance upon Booker and Messino, this determination must now be proved beyond a reasonable doubt by a jury.

Respectfully Submitted,

ROBERT L. RASCIA, Attorney
For the Defendant

SERPICO, NOVELLE,
PETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
61 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

5

# APPENDIX

SERPICO, NOVELLE,
ETROSINO & RASCIA, LTD.

ATTORNEYS AT LAW
51 W. SUPERIOR STREET
CHICAGO, IL 60610
(312) 787-1600

*See Case File for Exhibits*